IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH RYNCARZ,                                            3:12-cv-01692-PK

          Plaintiff,                                   ORDER

v.

JEFF THOMAS, ISREAL JACQUEZ,
BRYAN BIRKHOLZ, JASON RYAN,
RONALD RICHTER, JASON HENDERSON,
and ROBERT McFADDEN

          Defendants.

BROWN, Judge.

    Magistrate Judge Paul Papak issued Findings and Recommendation (#42) on May 14, 2013, in which he recommends this Court grant the Motion (#30) to Dismiss of Defendants Jeff Thomas, Isreal Jacquez, Bryan Birkholz, and Jason Ryan to the extent that their Motion is based on Plaintiff's failure to state a claim against them upon which relief can be granted and that the Court otherwise deny the Motion (#30) to Dismiss. Magistrate Judge Papak also recommends the Court dismiss *sua sponte* Plaintiff's claims against nonmoving Defendants Robert McFadden,

1 - ORDER

Jason Henderson, and Ronald Richter for lack of standing and for failure to state a claim on which relief can be granted.

Plaintiff filed timely Objections to the Findings and Recommendation only as to Defendants' Motion (#30) to Dismiss. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

In his Objections Plaintiff contends Magistrate Judge Papak erred by finding Plaintiff sought only injunctive relief. Plaintiff points to the "Civil Cover Sheet" that he completed when filing his Complaint on which he wrote after "DEMAND," "$10,000 plus full and complete court cost [*sic*] and any other costs deemed fair and just."  The civil cover sheet, however, "is an administrative document designed to facilitate the court's management of a trial and is not served on the opposing party. Thus, it cannot substitute for proper service under rule 38(b)." *Wall v. Nat'l R.R. Passenger Corp.,* 718 F.2d 906, 909 (9th Cir. 1983)(checking the jury demand box on a civil cover sheet does not constitute a demand for jury trial).

 2   -   ORDER

The civil cover sheet contains the statement that "[t]he JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court."  The Second Circuit held a *pro se* plaintiff waived his right to a jury trial when the only "demand" was the "yes" box next to Jury Demand on the civil cover sheet and the civil cover sheet had not been served on the defendant.  *Favor v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989).

In addition, here Plaintiff did not demand money damages in any portion of his Complaint or in any other pleading nor can the Court ascertain whether he served Defendants with the civil cover sheet, which is the only place the Court can find a demand for money damages.

On this record, therefore, the Court finds Magistrate Judge Papak did not err when he found Plaintiff sought only injunctive relief.

In his Objections Plaintiff otherwise reiterates the arguments contained in his Opposition (#39) to Defendants' Motion (#30) to Dismiss and did not object to the Magistrate Judge's Finding and Recommendation as to dismissal of Plaintiff's claims against Defendants McFadden, Henderson, and Richter.  This Court has carefully considered Plaintiff's arguments and concludes they do not provide a basis to modify the Findings and Recommendation

3 - ORDER

on this basis.

Magistrate Judge Papak also noted "if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Magistrate Judge Papak found, however, that the moving Defendants did not carry their burden to establish that Ryncarz failed to exhaust his administrative remedies, and the Magistrate Judge noted the evidence "suggests that Ryncarz diligently complied with his obligations under the Admin Remedy Program." Magistrate Judge Papak, therefore, recommended this Court dismiss with prejudice Plaintiff's claims against the moving Defendants. This Court agrees and adopts this recommendation.

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendations.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#42) and, therefore, **GRANTS** the Motion (#30) to Dismiss of Defendants Thomas, Jacquez, Birkholz, and Ryan on the basis that Plaintiff failed to state a claim against them upon which relief can be granted and **DISMISSES** Plaintiff's claim against these Defendants **with prejudice.**

4 - ORDER

     The Court also **DISMISSES with prejudice** *sua sponte* Plaintiff's claims against nonmoving Defendants McFadden, Henderson, and Richter for lack of standing and for failure to state a claim on which relief can be granted.

     IT IS SO ORDERED.

     DATED this 15th day of August, 2013.

                                              /s/ Anna J. Brown

                                     _____
                                     ANNA J. BROWN
                                     United States District Judge